UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                                                     Chapter 7

Karen R. Anderson,                               Case Number 19-56381

        Debtor.                                              Hon. Mark A. Randon
_____/

**OPINION AND ORDER DENYING
THE UNITED STATES TRUSTEE'S MOTION TO DISMISS**

**I.    INTRODUCTION**

Debtor, Karen Anderson, says her non-filing spouse spends $600.00 of his monthly income on a two-pack-a-day smoking habit. Because the cigarette money is not available to pay household expenses, Debtor deducted it from her current monthly income ("CMI") calculation on her Chapter 7 means test.

The United States Trustee ("UST") challenges this "marital adjustment" and moves to dismiss Debtor's case under sections 707(b)(2) and 707(b)(3) of the Bankruptcy Code. The UST argues that Debtor's CMI adjustment is double-dipping because the cigarette expense is also included as part of the IRS National Standard deduction for food, clothing, and other items, and Debtor cannot take both.[1] Debtor responds that the Means

---

[1] The Internal Revenue Service National Standards have been established for five necessary expenses: food, housekeeping supplies, apparel and services, personal care products and services, and miscellaneous. *See* National Standards: Food, Clothing, and Other Items, https://www.irs.gov/businesses/small-businesses-self-employed/national-standards-food-clothing-and-other-items (last visited March 19, 2020). These standards are also required to be used in bankruptcy cases for establishing certain monthly expenses on the means test.

Test form does not contain a place for "bad habits," and her husband's personal expenses should not affect her ability to individually obtain Chapter 7 bankruptcy relief.

Because the personal smoking-habit expense of the non-filing spouse, if substantiated, is not regularly used to pay Debtor's household expenses, Debtor may properly make a marital adjustment to her CMI *and* concurrently deduct the IRS National Standard expense for food, clothing, and other items–notwithstanding any potential overlap for the cigarette expense. The Court, therefore, **DENIES** the UST's motion and sets the matter for an evidentiary hearing.[2]

## II.   BACKGROUND

Debtor's Form 122A-1, Chapter 7 Statement of Your Current Monthly Income, reflects a CMI of $6,232.00 ($2,737.00 from her employment and $3,495.00 from her non-filing spouse's employment) or $74,784.00 per year. Because $74,784.00 exceeds the median family income for a household of two in Michigan, Debtor completed Form 122A-2, the Chapter 7 Means Test Calculation, to determine whether a presumption of abuse arises.

Debtor indicated on Form 122A-2 that there is no presumption of abuse. Her adjusted CMI–which includes a $600.00 deduction for her husband's cigarette expense–was $4,294.00. Form 122A-2 provides deductions from CMI for monthly

---

[2]The UST presents additional arguments in its motion to dismiss, which the Court need not address: The parties agree that the cigarette expense is dispositive of the issue of whether Debtor's Chapter 7 filing is abusive under section 707(b)(2).

expenses, calculated, in part, pursuant to the IRS National and Local Standards. Because Debtor has no dependents, she took the required IRS National Standard deduction for food, clothing, and other items for a two-person household in the amount of $1,288.00. Debtor's National, Local, and Other Necessary Expenses deductions totaled $4,743.58. This resulted in Debtor having a monthly disposable income ("DI") of -$449.58.

The UST asserts that Debtor's CMI calculation is inaccurate resulting in an inaccurate DI; once corrected–by eliminating the marital adjustment–the presumption of abuse arises. Because Debtor does not have any special circumstances to rebut the presumption, the UST argues the case must be dismissed. In the alternative, the UST says that the totality of the circumstances demonstrate abuse.

### III. ANALYSIS

The means test is used to calculate a debtor's monthly DI that is ostensibly available to pay creditors. If a debtor's 60-month DI is outside the range of a preset amount, a presumption of abuse arises. *DeAngelis v. Holmes (In re Holmes)*, 496 B.R. 765, 772 (Bankr. M.D. Pa. 2013). "The presumption of abuse may only be rebutted by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces[.]" 11 U.S.C. § 707(b)(2)(B)(i). A central component of the means test calculation is a debtor's CMI. *In re Holmes*, 496 B.R. at 772. A debtor's CMI "includes any amount paid by any entity other than the debtor . . .

*on a regular basis for the household expenses of the debtor or the debtor's dependents*[.]"
11 U.S.C. § 101(10A)(B). (Emphasis added).

Unless a non-filing spouse is the debtor's dependent, his "separate expenses do not form part of the 'household' for purposes of the Chapter 7 means-test." *Sturm v. U.S. Trustee*, 455 B.R. 130, 136 (N.D. Ohio 2011). Only his "regular contributions to household expenses of the debtor or her dependents are included in the debtor's [CMI]." *Id.* It is "the debtor's burden to prove which expenses are purely personal to the non-filing spouse." *In re Montalto*, 537 B.R. 147, 149 (Bankr. E.D.N.Y. 2015). "[B]ecause of the impact of the . . . marital adjustment calculation on a debtor's ability to remain in bankruptcy, courts have an obligation to scrutinize challenges to [the marital adjustment calculation] very carefully." *In re Travis*, 353 B.R. 520, 526 (Bankr. E.D. Mich. 2006).

"[A]n expenditure purely personal in character to the [non-filing] spouse . . . would be allowed as a marital adjustment on [the means test], thereby decreasing a debtor's 'disposable income.'" *In re Rable*, 445 B.R. 826, 829 (Bankr. N.D. Ohio 2011). For example, in *In re Travis*, the court found the marital adjustment was appropriate, and did not qualify as a household expense, where "the non-filing spouse chooses to spend his/her income on purchasing a small number of extra personal items or clothing for family members other than the debtor . . . , provided they are reasonable." *In re Travis*, 353 B.R. at 527-28.

-4-

Moreover, a debtor's ability to make a marital adjustment to CMI does not impair her ability to also take the IRS National Standard deduction for food, clothing, and other items–even if there is a potential for overlapping expenses. Most of Debtor's expenses are fixed by mandatory national and local standards and may be taken regardless of actual expenses.[3] The only relevant non-filing spouse's expenses are defined by the Code as those paid on a regular basis for Debtor's household expenses. "If the non-filing spouse spends his income on his own expenses, those are legitimate deductions [marital adjustments to CMI]." *Id.* at 527. In a similar context involving a Chapter 13 debtor, the court in *In re Moss* aptly put it this way:[4]

> The Code is what determines a debtor's CMI and expenses. The Code defines CMI a particular way: to include income another person pays for the debtor's regular household expenses. Expenses either fit that definition or they do not. The Code likewise defines a debtor's 'reasonably necessary' expenses a particular way: in an above-median case, to include the applicable monthly expense amounts under the IRS National and Local Standards. Expenses either qualify or they do not. Whether a debtor can make the marital adjustment to CMI for a particular expense under section 101(10A), and whether he can claim certain expenses under section 707(b)(2), depends on the Code. *It may well be that in some cases debtors can do both. But the Code, not some general prohibition on 'double dipping' is the deciding factor.*

---

[3]The instructions to Form 122A-2 advise debtors to "[d]educt the expense amounts set out in lines 6-15 regardless of your actual expenses."

[4]If a Chapter 13 debtor's income exceeds the median income for a household of the same size, reasonable expenses are computed using the formula in the means test. 11 U.S.C. § 1325(b)(3).

-5-

*In re Moss*, 591 B.R. 338, 341-42 (Bankr. N.D. Ill. 2018) (citations omitted) (emphasis added); *see also Sturm*, 455 B.R. at 135 (finding the UST's "double dip" argument "unhelpful" in resolving the marital adjustment issue because "the statute says nothing of double-dipping"). And courts have ruled that the cigarette expenses of a non-filing spouse/co-habitant are the type of purely personal expenses that may be excluded from CMI. *See, e.g.*, *In re Lopes*, Case No. 08-12008, 2008 WL 3893707, at *3 (Bankr. D. Mass. Aug. 21, 2008) (overruling a creditor's objection to confirmation of an above-median Chapter 13 debtor's plan, which adjusted from CMI a $410.00 monthly cigarette expense of the non-filing spouse); *DeAngelis v. Holmes (In re Holmes)*, 496 B.R. 765, 774 (Bankr. M.D. Pa. 2013) (excluding 13 different categories of expenses–including the non-filing, co-habitant's cigarette expense–as "strictly personal" to the non-filer and, thus, properly subtracted from debtor's CMI).

Of course this leaves, in tact, the UST's section 707(b)(3)(B) totality of the circumstances challenge to Debtor's Chapter 7 filing.[5] However, unresolved factual issues preclude granting the motion on this ground: an evidentiary hearing is required.

## IV.   CONCLUSION

Because the personal cigarette expense of the non-filing spouse, if substantiated, is not regularly used to pay Debtor's household expenses, Debtor may properly make the

---

[5]For example, notwithstanding the propriety of the marital adjustment, a section 707(b)(3) challenge may yet lie where a purely personal expense is so great, it results in the debtor bearing a disproportionate share of the household expenses.

marital adjustment to her CMI *and* concurrently deduct the IRS National Standard expense for food, clothing, and other items–notwithstanding any potential overlap for the cigarette expense.  The Court **DENIES** the UST's motion, and sets the matter for an evidentiary hearing on *May 21, 2020, at 10:00 a.m* regarding the validity and amount of the cigarette expense and whether it is unreasonable considering the totality of the circumstances.[6]

    **IT IS ORDERED.**

**Signed on April 10, 2020**



/s/ Mark A. Randon
**Mark A. Randon**
**United States Bankruptcy Judge**

---

[6] At the evidentiary hearing, the UST may also present evidence regarding her other challenges to the means test calculation.

-7-